# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MATTHEW COCKBURN                                                PLAINTIFF

v.                      5:19-cv-00209-KGB-JJV

DUSTY DODSON, Jail Administrator,
Dallas County Detention Center; and
STAN MCGHEE, Sherriff, Dallas County                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Matthew Cockburn ("Plaintiff") has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights while he was confined in the Dallas County Detention Center. (Doc. No. 2.)

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of

whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   PLAINTIFF'S COMPLAINT

Plaintiff alleges that, on June 4, 2019, he received mail from the "U.S. Department of Justice – United States Marshals Service in regard to a legal matter I have with the U.S. Supreme Court." (Doc. No. 2 at 4.) Plaintiff says that letter was opened outside of his presence. (*Id*.)

The Sixth Amendment right to counsel requires prison officials to open privileged legal mail in the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Gardner v.*

*Howard*, 109 F.3d 427, 431 (8th Cir. 1997).  In this respect, privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such."  *Beaulieu v. Ludeman,* 690 F.3d 1017, 1037 (8th Cir. 2012); *Gardner,* 109 F.3d at 430.  Plaintiff does not allege the U.S. Department of Justice was representing him or that the opened letter otherwise falls under this narrow definition of privileged legal mail.  Also, Plaintiff says jail officials claimed the letter was opened by mistake.  It is well settled that an "isolated incident" of opening privileged legal mail outside of an inmate's presence does not rise to the level of a constitutional violation.  *Beaulieu,* 690 F.3d at 1037; *Gardner,* 109 F.3d at 431.  Thus, Plaintiff has not pled a plausible Sixth Amendment claim.

The Complaint is also deficient because the only named Defendants are Jail Administrator Dusty Dodson and Sheriff Stan McGhee.  Plaintiff says they are "responsible" for the unknown jail official who opened his letter.  (Doc. No. 2 at 5.)  But, there is no vicarious liability in a § 1983 action.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").  Thus, to state a viable claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal,* 556 U.S. at 676.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given him sixty (60) days to correct them, and warned Plaintiff I would recommend dismissal if he did not timely do so.  (Doc. Nos. 3, 4, 5.)  The time for Plaintiff to comply with my instructions has expired.  Accordingly, I recommend his Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 27th day of August 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."